[Cite as *Bennett v. Peters*, 2013-Ohio-1467.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

T. ROBERT BENNETT, et al.                    :

    Plaintiffs-Appellees                    :          C.A. CASE NO.    2012 CA 5

v.                                           :          T.C. NO.    11CV689

ROBERT A. PETERS, et al.                     :          (Civil appeal from
                                                    Common Pleas Court)

    Defendants-Appellees                    :

and                                          :

AMERICAN PREMIER UNDERWRITERS,               :
INC.

    Defendant-Appellant                     :

                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    12th    day of     April    , 2013.

. . . . . . . . . .

JOHN F. MARCHAL, Atty. Reg. No. 0005408, 116 W. Fourth Street, Greenville, Ohio
45331
        Attorney for Plaintiffs-Appellees

JASON D. GROPPE, Atty. Reg. No. 0080639, 1700 PNC Center, 201 East Fifth Street,
Cincinnati, Ohio 45202
        Attorney for Defendant-Appellant

WESTERN OHIO TRAX, 531 S. Main Street, Ansonia, Ohio 45303
        Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant American Premier Underwriters, Inc. (hereinafter "APU"), appeals a decision and judgment entry of the Darke County Court of Common Pleas, General Division, quieting title in a 1.5 acre strip of real property to plaintiff-appellees T. Robert and Sara Bennett (hereinafter "the Bennetts").  The trial court's decision was issued on July 6, 2012.  APU filed a timely notice of appeal with this Court on August 3, 2012.

{¶ 2}   On November 8, 2011, the Bennetts filed a complaint against APU, Western Ohio Trax (hereinafter "WOT"), and Robert and Sherie Peters (hereinafter "the Peters"), seeking to quiet title in a 1.5 acre strip of property previously used as a rail corridor which adjoined the Bennetts' property.[1]  In their complaint, the Bennetts argued that they had acquired title to the property through adverse possession.  Alternatively, the Bennetts asserted that APU had "abandoned it use" of the subject property, and title had, therefore, reverted to the Bennetts.

---

[1] The record establishes that the Peters, landowners adjacent to the Bennetts in relation to the 1.5 acre strip of land, purportedly acquired their interest in the subject property by limited warranty deed from WOT in 2011. Prior to that, WOT acquired its interest from APU by quitclaim deed in 1992. APU allegedly acquired its interest in the subject property through a deed executed by Thomas C. Brawley to Richmond & Covington R.R. Co. We note that the record also reflects that unlike APU, neither WOT nor the Peters filed a notice of appeal from the decision of the trial court issued on July 6, 2012. Accordingly, neither the Peters nor WOT are parties to the instant appeal.

{¶ 3} In response, APU filed a motion to dismiss the complaint, arguing that the Bennetts are currently class members in an earlier filed action pending in Trumbull County, Ohio, captioned *Paula D. Maas v. Penn Central Corporation, et al.*, Case No. 99CV723 (hereinafter "the Trumbull action"). One of the central issues to be litigated in the class action related to whether APU abandoned its interests in the subject property, which arguably includes the viability of APU's subsurface reservations and occupations in said property. APU asserted that the Bennetts' complaint should be dismissed because their claims related to the same property interests that were already being adjudicated in the earlier-filed Trumbull County class action. [2] Accordingly, APU argued that the jurisdictional priority rule (JPR) applied and acted to divest the trial court in the instant litigation of subject matter jurisdiction.

{¶ 4} In their memorandum in opposition to APU's motion to dismiss, the Bennetts argued that their claim for adverse possession was unaffected by the JPR, and should, therefore, not be dismissed. The Bennetts, however, conceded that the JPR *did*, in fact, divest the trial court of jurisdiction over their abandonment claim because it was already being litigated in the Trumbull County class action. Correspondingly, the Bennetts also conceded that they were members of the Trumbull County class action, and therefore, bound by the judgment of the trial court in Trumbull County.

{¶ 5} Despite the Bennetts' concession regarding the applicability of the JPR to their abandonment claim, on January 18, 2012, the trial court overruled APU's motion to dismiss in its entirety. Specifically, the trial court found that "it is apparent that the claims

---

[2] The Trumbull County case was certified as a class action on August 7, 2003.

asserted and the relief requested in the Trumbull County case differs [sic] from the claim asserted and the relief requested [in the instant case]. *** As such, the [JPR] *** does not divest this Court of jurisdiction over the claims raised in the complaint."

{¶ 6} Following the ruling of the trial court, the Bennetts filed an amended complaint on April 5, 2012, in which they dropped their abandonment claim against APU. Thus, the only remaining claim to be litigated against APU in the Bennetts' complaint was the claim for adverse possession of the subject property. On June 14, 2012, a trial was held before the court regarding the Bennetts' claims against all of the defendants. As a result of the Bennetts' amended complaint, the only claim pending against APU was the claim for adverse possession. With respect to the remaining defendants, WOT and the Peters, the Bennetts maintained claims for adverse possession, abandonment of easement, and slander of title.

{¶ 7} On July 6, 2012, the trial court issued a "Judgment Entry and Decision" quieting title in the subject property to the Bennetts. In its decision finding that the Bennetts lawfully acquired the property by adverse possession, the trial court also made findings regarding APU's purported abandonment of, interest in, and/or use of the subject property. On July 20, 2012, APU filed a "Motion to Alter or Amend Judgment" pursuant to Ohio Civ. R. 59(A). In its motion, APU argued that the trial court erred by ruling on matters not properly before it and that the JPR precluded the trial court from ruling on such matters. The trial court subsequently overruled APU's motion to amend the judgment and stated as follows:

The Court previously found that the [JPR] was not applicable herein. The

Court refused to concede that Trumbull County possessed exclusive jurisdiction of the issues herein. *The Court was concerned about the lack of adjudication in the decade since the case was filed in Trumbull County and the lack of decision of an issue of increasing importance.*

{¶ 8} Defendant-appellant APU appeals from the "Judgment Entry and Decision" issued by the trial court on July 6, 2012.

{¶ 9} Because they are interrelated, APU's first and second assignments of error will be discussed together as follows:

{¶ 10} "THE TRIAL COURT ERRED IN RENDERING FINDINGS RELATED TO APU'S PURPORTED ABANDONMENT OF THE SUBJECT RAIL CORRIDOR AND THE VALIDITY OF APU'S PROPERTY INTERESTS THEREIN BECAUSE THE JURISDICTIONAL PRIORITY RULE DIVESTED THE TRIAL COURT OF SUBJECT MATTER JURISDICTION TO MAKE SUCH FINDINGS."

{¶ 11} "THE TRIAL COURT ERRED IN RENDERING FINDINGS RELATED TO APU'S PROPERTY INTERESTS IN THE SUBJECT RAIL CORRIDOR BECAUSE THAT ISSUE WAS NOT BEFORE THE COURT FOR ADJUDICATION."

{¶ 12} In its first assignment, APU contends that the trial court erred when it rendered findings regarding its alleged abandonment of the subject property. Specifically, APU argues that application of the JPR divested the trial court of subject matter jurisdiction to make any findings regarding APU's purported abandonment of, interest in, and/or use of the subject property.

{¶ 13} Initially, we note that the Bennetts point out that they eliminated the claim

for abandonment against APU from their amended complaint. The Bennetts concede that the JPR divested the trial court of subject matter jurisdiction over the abandonment claim against APU because the same claim was already being litigated in the Trumbull County class action.

{¶ 14} The jurisdictional priority rule provides that:

[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of prior proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties. * * * In general, the jurisdictional-priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second. *State, ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 376, 2008-Ohio-6253, 899 N.E.2d 961, at ¶ 16.

{¶ 15} In the instant case, it is clear that application of the JPR divested the trial court of subject matter jurisdiction and precluded the trial court from adjudicating any claims regarding APU's purported abandonment of any interest in, and/or use of the subject property. Significantly, the Bennetts conceded that they are members of the plaintiff class in the Trumbull County action which was initiated approximately ten years before the Bennetts filed their complaint in Darke County. In its brief, APU notes that the Trumbull County Court of Common Pleas (TCC) has already made findings which conflict with the findings of the trial court's July 6, 2012, "Judgment Entry and Decision." We note that the

TCC and the trial court are both "state courts of concurrent jurisdiction." For example, the TCC held that whether APU abandoned its easement on the subject property is a question of fact to be decided by the jury in the Trumbull County class action. *Paula D. Maas v. Penn Central Corporation, et al.*, Case No. 99CV723 (November 9, 2011). This finding by the TCC directly conflicts with the trial court's findings in the July 6, 2012, judgment entry and confirms that any issues regarding APU's purported abandonment of the easement of the subject property must be adjudicated in the Trumbull County class action pursuant to the JPR.

{¶ 16} Moreover, the trial court's rationale behind its finding that the JPR was not applicable to the instant case is wholly unpersuasive. Specifically, the trial court "was concerned about the lack of adjudication in the decade since the case was filed in Trumbull County and the lack of decision of an issue of increasing importance." While the trial court's interest in judicial efficiency is admirable, this is clearly an instance where application of the JPR is entirely necessary. Additionally, we note that the Bennetts dropped their abandonment claim against APU from their amended complaint. Therefore, the issue surrounding APU's alleged abandonment of easement was not even properly before the trial court. Thus, it was error for the court to render any judgment with respect to a matter that was no longer at issue in the case. Accordingly, the trial court erred when it made findings regarding APU's abandonment of the subject property.

{¶ 17} Finally, we note that the trial court found that the Bennetts acquired title to the subject property through adverse possession. It is undisputed that APU *did not* contest the Bennetts' adverse possession claim when the matter was tried before the court. APU

asserts that this is because it asserted no interest in the property. To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession, and open, notorious, continuous, and adverse use for a period of twenty-one years. *Grace v. Koch*, 81 Ohio St.3d 577, 928 N.E.2d 742 (1998).

{¶ 18} On appeal, APU does not dispute the trial court's finding that the Bennetts' properly acquired title to the subject property through adverse possession. APU merely points out that the Bennetts' claims for adverse possession and abandonment are separate and distinct from one another. Abandonment focuses on the acts and omissions of the dominant estate holder and requires that the owner of the servient estate prove both non-use and an affirmative intent to abandon the easement. *Snyder v. Monroe Twp. Trustees*, 110 Ohio App.3d 443, 457, 674 N.E.2d 741 (2d Dist.1996). Thus, whether the subject property was abandoned is a question of fact depending on the actions of APU. Conversely, adverse possession focuses on the acts of the one claiming prescriptive ownership, in this case, the Bennetts themselves. Accordingly, a determination of whether a party acquired a property through adverse possession is distinct from an adjudication that another party abandoned the subject property.

{¶ 19} Upon review, we conclude that the trial court erred when it rendered judgment with respect to APU's alleged abandonment of the subject property. The issue of abandonment was not properly before the trial court because the Bennetts eliminated the claim as it related to APU from their amended complaint. Moreover, application of the JPR divested the trial court of subject matter jurisdiction and precluded the trial court from adjudicating any claims regarding APU's purported abandonment of, interest in, and/or use

of the subject property.

{¶ 20}   APU's first and second assignments of error are sustained.

{¶ 21}   Both of APU's assignments of error having been sustained, the judgment of the trial court is reversed with respect to its determination regarding APU's purported abandonment of, interest in, and/or use of the subject property, and this matter is remanded for proceedings consistent with this opinion.   In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

John F. Marchal
Jason D. Groppe
Western Ohio Trax
Hon. Jonathan P. Hein